**FILED**

OCT 1 2 2012

DAWN GREWS, CLERK
BY _____
     Deputy

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERRY WAYNE ROLAND                  PLAINTIFF

VS.                                        CASE NO. 4:12cv099-DAS

HUMPHREYS COUNTY, MISSISSIPPI;
HUMPHREYS COUNTY SHERIFF J.D.
ROSEMAN, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; AND DEPUTY
SHERIFF SAM DOBBINS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY       DEFENDANTS

## *COMPLAINT*

**COMES NOW** the Plaintiff, **JERRY WAYNE ROLAND**, by and through her attorney, Boyd P. Atkinson, and files this her Amended Complaint against the Defendants, **HUMPHREYS COUNTY, MISSISSIPPI; HUMPHREYS COUNTY SHERIFF J.D. ROSEMAN**, in his individual and official capacity; and **DEPUTY SHERIFF SAM DOBBINS**, in his individual and official capacity, and in support thereof would show unto the Court the following facts, to-wit:

### *PARTIES*

1. Plaintiff is a Mississippi resident residing at 304 Oak Street, Belzoni, Mississippi, 39038.

2. The Defendant, Humphreys County, Mississippi, is a governmental entity of the State of Mississippi and may be served with process through its registered agent for process, Lawrence Browder, Chancery Clerk, at 102 Castleman Street, Belzoni, Mississippi, 39038.

3. The Defendant, Humphreys County Sheriff J.D. Roseman, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

4. The Defendant, Deputy Sheriff Sam Dobbins, may be served at his place of employment, 102 Castleman Street, Belzoni, Mississippi, 39038.

## *JURISDICTION*

5. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983.

6. Jurisdiction of this Court for the pendent claims is authorized under Federal Rule of Civil Procedure 18(a).

7. Further, the actions complained of constitute arbitrary governmental action in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## *FACTS*

8. On or about March 18, 2012, Plaintiff was arrested by Defendant, Deputy Sheriff Sam Dobbins, and was placed into the Humphreys County Jail. He was never told what he was being arrested for and never had an official court appearance as required by law. When he was arrested, he was arrested at the Travel Inn Motel in Indianola, Mississippi and while he was incarcerated in the Humphreys County Jail, following his arrest by Defendant, Deputy Sheriff Sam Dobbins, the Travel Inn Motel got rid of all the Plaintiff's personal belongings that were located in his motel room at the time of his arrest. Eight days after his arrest, he was released from the Humphreys County Jail, still not having been charged with any crime.

9. Thereafter, the Plaintiff was re-arrested by Defendant, Deputy Sheriff Sam Dobbins, on April 19, 2012, and was given a warrant that had been issued by the Humphreys County Justice Court on April 18, 2012 for one charge of commercial burglary and one charge of burglary of a residence; the affidavits having been signed by the Defendant, Deputy Sheriff Sam Dobbins, alleging that the incident happened on April 19, 2012 at the residence of Robby Forbes

at 3237 River Place Road outside of Isola, Humphreys County, Mississippi. The Plaintiff was not afforded an initial court appearance within three days in accordance with the requirements of Mississippi law and on May 1, 2012, Justice Court Judge Cummings came to the Humphreys County Jail and conducted an initial court appearance and set a bond in the amount of $10,000.00 on each charge. The Plaintiff was financially unable to make a bond in the set amount and remained incarcerated in the Humphreys County Jail until his release on June 29, 2012 when he was told that the Humphreys County grand jury had met and had chosen not to indict him.

10. The Plaintiff's son was advised by the Humphreys County Sheriff's Department that they would release the Plaintiff upon the payment of the $35.00 "turn key fee" and when his son went to the back to get the Plaintiff, he was told by officers of the Humphreys County Sheriff's Department that the Plaintiff could not be released.

11. The Plaintiff would state that he did not have any money to make a regular telephone call while he was incarcerated and because the only two people that he could contact to make a collect call, was his son and his father, both of whom had cell phones which would not accept collect calls, the Plaintiff was unable to contact his family to advise them where he was so for the first week of Plaintiff's illegal incarceration in the Humphreys County Jail, his family did not know where he was and the only way they found out where Plaintiff was, is that a trusty got word to Plaintiff's son where the Plaintiff was.

12. During Plaintiff's illegal and unlawful incarceration in the Humphreys County Jail, he was taunted several times by the Defendant, Deputy Sheriff Sam Dobbins, and was told that Humphreys County was going to "feed him" for 15 years, and additionally, Plaintiff was never told during his confinement what he was supposed to have burglarized.

13. The arrest warrant that was issued by the Humphreys County Justice Court was based upon the sworn affidavit of Defendant, Deputy Sheriff Sam Dobbins, who failed to do an even cursory investigation before obtaining a warrant and the affidavit was based solely on the fact that the Defendant, Deputy Sheriff Sam Dobbins, was told by a neighbor of Robby Forbes that the Plaintiff's truck was in the shop yard of Robby Forbes at some time around the time of the alleged burglary and that prior to obtaining the warrant for the arrest of the Plaintiff, the Defendant, Deputy Sheriff Sam Dobbins, failed to investigate as to who was driving the Plaintiff's truck on the night that it was seen on the Forbes' property, what, if anything, the Plaintiff was doing at the Forbes' property, or whether or not the Plaintiff had any property that was allegedly stolen from the Forbes' property. Additionally, during his unlawful incarceration in the Humphreys County Jail for over three months, Plaintiff was subjected to cruel and inhuman treatment, by Defendant, Deputy Sheriff Sam Dobbins, by placing the Plaintiff in administrative segregation without any clothes and without any bed linens, in a cell where the air conditioning system had been turned down extremely low, thereby causing the Plaintiff to endure significant discomfort in the way of continuous exposure to cold temperatures with no clothing or bed linen by the Defendant, Deputy Sheriff Sam Dobbins.

14. When the Plaintiff was arrested on April 22, 2012, he was arrested at an apartment that he was renting in Indianola, Mississippi and during his three and a half month illegal incarceration, the vehicle he had at the time of his arrest, a 1994 GMC extended cab vehicle, and all of his personal belongings, were done away with in his absence.

15. The Defendants were, at all times, acting under color of law.

## CAUSES OF ACTION

### COUNT ONE – VIOLATION OF 42 U.S.C. § 1983: ARREST

16. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

17. As a result of Defendant's first unlawful arrest, the Plaintiff was subjected to an unreasonable seizure and a clear deprivation of his Fourth and Fourteenth Amendment rights. The Defendant, Deputy Sheriff Sam Dobbins, at all times, was acting under color of law, neither witnessed the Plaintiff commit the alleged crimes, nor did he have a warrant for Plaintiff's arrest or even have probable cause to arrest the Plaintiff.

### COUNT TWO – VIOLATION OF 42 U.S.C. § 1983: DETENTION

18. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

19. As a proximate cause of the Defendant's unlawful and malicious detention and confinement, the Plaintiff was deprived of his liberty in violation of his Fifth and Fourteenth Amendment rights.

### COUNT THREE – MALICIOUS PROSECUTION

20. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

21. The Defendants maliciously instituted illegal proceedings against the Plaintiff without probable cause and such pleadings were terminated in Plaintiff's favor.

22. As a proximate cause of said prosecution, Plaintiff suffered and continues to suffered approximately four months of illegal confinement in the Humphreys County Jail and while confined, was subjected to significant physical pain and mental anguish, severe emotional trauma, and other resultant injuries.

### COUNT FOUR – MALICIOUS ABUSE OF PROCESS

23. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

24. The Defendants maliciously employed the legal process in a manner not contemplated by law.

25. As a proximate cause of the Defendants' abuse of process, Plaintiff suffered and continues to suffer mental pain and anguish, severe emotional trauma, and other resultant injuries.

### COUNT FIVE – LOSS OF PERSONAL PROPERTY

26. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

27. When the Defendants illegally arrested Plaintiff and illegally held him in the Humphreys County Jail, on two different occasions spanning over three months, the Plaintiff lost all of his personal belongings in the way of shoes, shirts, belts, pants, and personal toiletry items on two separate occasions, as well as his loss of a 1994 GMC extended cab pickup truck.

### COUNT SIX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

29. At all times relevant herein, the Defendants' extreme and outrageous conduct recklessly and/or intentionally caused Plaintiff's severe emotional distress.

30. As a proximate cause of the Defendants' extreme and outrageous conduct, the Plaintiff suffered, does suffer, and will continue to suffer mental pain and anguish, distress, and other resultant injuries.

### COUNT SEVEN – INTENTIONAL INFLICTION OF PHYSICAL HARM

31. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

32. At all times relevant, the Defendants' extreme and outrageous conduct in keeping the Plaintiff confined, in excess of three months, in the Humphreys County Jail, caused the Plaintiff physical pain and suffering.

33. As a proximate cause of the Defendants' extreme and outrageous conduct, the Plaintiff was subjected to severe physical pain and suffering and other resultant injuries.

## COUNT EIGHT - NEGLIGENCE

34. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

35. The Defendant, Deputy Sheriff Sam Dobbins, owed the Plaintiff a duty to act in accordance with the standards of police procedure. The Defendant, Deputy Sheriff Sam Dobbins, breached said duty by failing to act as a reasonable law enforcement officer would act and by failing to conduct any investigation whatsoever surrounding the charges against Plaintiff prior to his arresting Plaintiff the first time on March 18, 2012 and subsequently, by his failure to conduct an investigation prior to signing a general affidavit against the Plaintiff, on April 19, 2012, that prompted the issuance of two felony warrants which caused the Plaintiff to be incarcerated another two and a half months in the Humphreys County Jail.

## COUNT NINE – RECKLESS DISREGARD FOR PLAINTIFF'S SAFETY AND WELL BEING

36. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

37. By initially arresting the Plaintiff on a charge without a warrant, or without probable cause, and subsequently failing to investigate before signing an affidavit and obtaining a warrant, Defendant, Deputy Sheriff Sam Dobbins, acted in reckless disregard for Plaintiff's safety and well-being, causing Plaintiff to be unlawfully detained for over three months in the Humphrey's County Jail, while at all times acting under color of law.

38. Plaintiff states that, at no time during the acts done by Defendant, Deputy Sheriff Sam Dobbins, in reckless disregard of the Plaintiff's safety and well-being, was the Plaintiff engaged in any criminal activity, nor was he engaged in any criminal activity at any time during the injuries sustained by him set out in the above allegations.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands judgment for the causes of action listed herein for special, punitive, and compensatory damages, plus the costs of this action, including attorney's fees, as provided for in **42 USC §1988**, and such other relief that this Court deems just and equitable.

**RESPECTFULLY SUBMITTED** on this the 10th day of October, A.D., 2012.

JERRY WAYNE ROLAND, PLAINTIFF

BY: _____
BOYD P. ATKINSON, MSB NO. 8324
Attorney for Plaintiff
P.O. Box 427
Cleveland, MS 38732
(662) 843-9766

**STATE OF MISSISSIPPI**
**COUNTY OF BOLIVAR**

*PERSONALLY* appeared before me the undersigned authority at law in and for the jurisdiction aforesaid, the within named, **BOYD P. ATKINSON**, Attorney for Plaintiff, Jerry Wayne Roland, who after being by me first duly sworn, states on oath that the matters and facts set out in the above and foregoing Complaint are true and correct as therein stated to the best of his information and belief.

*SWORN TO AND SUBSCRIBED* before me on this the 10th day of October, A.D., 2012.

My Commission Expires: _____
Reba Gale McKnight
NOTARY PUBLIC