**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

JERRY WAYNE ROLAND                                                       PLAINTIFF

VS.                                                      CIVIL ACTION NO. 4:12-cv-099(DAS)

HUMPHREYS COUNTY, SHERIFF J.D. ROSEMAN, AND DEPUTY
SHERIFF SAM DOBBINS, in Their Individual and Official Capacities      DEFENDANTS

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

COME NOW the Defendants, Humphreys County, Mississippi, Sheriff J.D. Roseman and Deputy Sheriff Sam Dobbins ("Defendants"), by and through their attorneys of record, and respectfully answer or otherwise respond to Plaintiff's Complaint and would show as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were not caused by a policy or custom of Humphreys County, Mississippi. Therefore, there is no county liability under federal law.

**FOURTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against the Defendant Humphreys County.

**FIFTH AFFIRMATIVE DEFENSE**

While denying that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages in an amount in excess of that proportion permitted by the laws of the United States would violate the Due Process protections of the U.S. Constitution. Further, Mississippi laws and procedures governing punitive damages are violative of the 6th

Amendment, 8th Amendment, the Due Process Clause and Equal Protection Clause of the 14th Amendment, and other provisions, of the United States Constitution in Article III., Section 14 and other provisions of the Constitution of the State of Mississippi.

### SIXTH AFFIRMATIVE DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1 *et seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

### SEVENTH AFFIRMATIVE DEFENSE

The individual defendants are entitled to qualified immunity from Plaintiff's claims in that their conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

### EIGHTH AFFIRMATIVE DEFENSE

Probable cause existed and a warrant was issued, therefore, the Defendants are entitled to immunity.

### ANSWER

Without waiving any of the aforementioned Affirmative Defenses, Defendants respond to the Complaint as follows:

### PARTIES

1. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 1 of the Complaint, and accordingly, deny same.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained within paragraph 3 of the Complaint.

4. Defendants admit the allegations contained within paragraph 4 of the Complaint.

## JURISDICTION

5. Defendants admit the United States District Court for the Northern District of Mississippi, Greenville Division, has jurisdiction over Plaintiff's Complaint.

6. Defendants admit this Court has jurisdiction. Defendants deny the remaining allegations contained within paragraph 6 of the Complaint.

7. Defendants deny the allegations contained within paragraph 7 of the Complaint.

## FACTS

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants are without information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint, and accordingly, deny same.

11. Defendants are without information sufficient to admit or deny Plaintiff's allegations regarding his financial affairs and his family's cellular phone service. Defendants deny Plaintiff was illegally incarcerated and further deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit a valid warrant was issued for Plaintiff's arrest. Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. It is unclear what "at all times" means, therefore, Defendants deny the allegations contained in paragraph 15 of the Complaint.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF 42 U.S.C. § 1983: ARREST

16. Defendants incorporate their responses to paragraphs 1-16 in response to the allegations contained within paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

### COUNT TWO
### VIOLATION OF 42 U.S.C. § 1983: DETENTION

18. Defendants incorporate their responses to paragraphs 1-17 in response to the allegations contained within paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

### COUNT THREE
### MALICIOUS PROSECUTION

20. Defendants incorporate their responses to paragraphs 1-19 in response to the allegations contained within paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

### COUNT FOUR
### MALICIOUS ABUSE OF PROCESS

23. Defendants incorporate their responses to paragraphs 1-22 in response to the allegations contained within paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

### COUNT FIVE
### LOSS OF PERSONAL PROPERTY

26. Defendants incorporate their responses to paragraphs 1-26 in response to the allegations contained within paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

## COUNT SIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Defendants incorporate their responses to paragraphs 1-27 in response to the allegations contained within paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF PHYSICAL HARM

31. Defendants incorporate their responses to paragraphs 1-30 in response to the allegations contained within paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

## COUNT EIGHT
## NEGLIGENCE

34. Defendants incorporate their responses to paragraphs 1-33 in response to the allegations contained within paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

## COUNT NINE
## RECKLESS DISREGARD FOR PLAINTIFF'S SAFETY AND WELL BEING

36. Defendants incorporate their responses to paragraphs 1-35 in response to the allegations contained within paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

## RELIEF

Defendants deny the allegations contained in the last unnumbered paragraph of the Complaint, starting with "WHEREFORE, PREMISES CONSIDERED." Defendants deny any

allegations contained in the Plaintiff's Complaint not expressly admitted herein and further deny Plaintiff is entitled to any of the relief requested in the Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that this Court dismiss the Complaint and award Defendants their costs, expenses and attorneys' fees.

December 4, 2012.

        Respectfully submitted,

        **PHELPS DUNBAR, LLP**

        BY:  */s/Saundra Strong*
              Gary E. Friedman, MB #5532
              Saundra Strong, MB #101164
              4270 I-55 North
              Jackson, Mississippi 39211-6391
              P. O. Box 16114
              Jackson, Mississippi 39236-6114
              Telephone: (601) 352-2300
              Telecopier: (601) 360-9777

## CERTIFICATE OF SERVICE

I, SAUNDRA STRONG, do hereby certify that on December 4, 2012 I electronically filed the foregoing *Answer & Affirmative Defenses* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Boyd P. Atkinson, Esquire
BOYD P. ATKINSON, P.A.
P.O. Box 427
Cleveland, MS 38732
atkinsonboydp@bellsouth.net

*ATTORNEY FOR PLAINTIFF*

> */s/Saundra Strong*
> SAUNDRA STRONG