Westlaw.

281 Fed.Appx. 390, 2008 WL 2404270 (C.A.5 (Miss.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 281 Fed.Appx. 390, 2008 WL 2404270 (C.A.5 (Miss.)))

**H**
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4. (Find CTA5 Rule 28 and Find CTA5 Rule 47)

United States Court of Appeals,
Fifth Circuit.
Jody COX, Plaintiff-Appellant
v.
Maud IRBY; Ammed Zein; D. Lunsford, RN Central Mississippi Correctional Facility, Defendants-Appellees.

No. 07-60335
Summary Calendar.
June 13, 2008.

**Background:** Prisoner brought § 1983 action against warden, among others, alleging warden violated his constitutional rights by denying him medical care. The United States District Court for the Southern District of Mississippi, 2007 WL 955052, inter alia, granted warden's motion for summary judgment. Prisoner appealed.

**Holding:** The Court of Appeals held that prisoner failed to show warden was personally involved in decision denying prisoner medical care or that warden's conduct was causally connected to prisoner's harm.
    Affirmed in part; vacated and remanded in part.

West Headnotes

Civil Rights 78 ⟶1358

78 Civil Rights
    78III Federal Remedies in General
        78k1353 Liability of Public Officials
            78k1358 k. Criminal Law Enforcement; Prisons. Most Cited Cases

Prisoner failed to show that warden was personally involved in decision denying prisoner medical care or that there was a causal connection between the warden's conduct and harm alleged by prisoner, as required on prisoner's § 1983 claim against warden. 42 U.S.C.A. § 1983.

*391 Jody Cox, Pearl, MS, pro se.

John Lewis Clay, Office of the Attorney General for the State of Mississippi, Jackson, MS, Mississippi Department of Corrections Staff Attorney's Office, Parchman, MS, for Defendants-Appellees.

Appeal from the United States District Court for the Southern District of Mississippi, USDC No. 3:04-CV-156.

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM: [FN*]

    FN* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.



© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

281 Fed.Appx. 390, 2008 WL 2404270 (C.A.5 (Miss.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 281 Fed.Appx. 390, 2008 WL 2404270 (C.A.5 (Miss.)))

**1 Jody Cox, Mississippi prisoner # L7371, appeals the district court's grant of summary judgment to Warden Irby and the dismissal of the remaining defendants from his 42 U.S.C. § 1983 suit. Cox argues that Warden Irby violated his constitutional rights because she knew of his needs for medication and a wheelchair and she had control over the prison medical department. Cox complains that Warden Irby did not provide him with his medical records in a timely manner and that her summary judgment motion was filed after the time limit imposed by the district court for filing such a motion. Cox also complains about the dismissal with prejudice of the Correctional Medical Unit and the dismissal without prejudice of Dr. Zein and Nurse Lunsford. He asserts that more efforts should have been made to locate and serve Dr. Zein and Nurse Lunsford. Finally, he complains that no summons was issued to Samantha Gonzales.

The district court has broad discretion to control its docket and allow late-filed pleadings. *See Enlow v. Tishomingo County, Miss.,* 962 F.2d 501, 507 (5th Cir.1992). Cox has not shown that the district court abused its discretion in accepting and considering the warden's May 26, 2006, summary judgment motion. Moreover, Warden Irby did not contravene the district court's order to provide Cox with his medical records 30 days before trial as there was no trial.

"There is no vicarious or *respondeat superior* liability of supervisors under § 1983." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 425 (5th Cir.2006). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Id.* (internal quotation omitted). Cox may have put Warden Irby on notice that his needs for medication and a wheelchair were not being met, but he did not show that the warden was personally involved in his medical care or that there was a causal connection between her conduct and the alleged harm. Accordingly, *392 the district court's grant of summary judgment to Warden Irby is affirmed.

Cox makes only a conclusional statement that "no summons was issued to Samantha Gonzales," and he fails to address the district court's reason for dismissing with prejudice the Correctional Medical Unit. These claims are not adequately briefed and are therefore abandoned. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir.1993); *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

The record on appeal does not indicate that the district court notified Cox, as required by FED.R.CIV.P. 4(m), of its intent to dismiss Dr. Zein and Nurse Lunsford from the lawsuit for insufficient service of process or that the district court gave Cox an opportunity to show good cause for the failure to timely serve those defendants. We conclude that the dismissal of those two defendants was an abuse of discretion. *See* Rule 4(m); *Lindsey v. United States R.R. Retirement Bd.,* 101 F.3d 444, 445-48 (5th Cir.1996). The dismissal without prejudice of Dr. Zein and Nurse Lunsford is therefore vacated, and the case is remanded for further proceedings consistent with this opinion.

**2 AFFIRMED IN PART; VACATED AND REMANDED IN PART.

C.A.5 (Miss.),2008.
Cox v. Irby
281 Fed.Appx. 390, 2008 WL 2404270 (C.A.5 (Miss.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.