Westlaw.

Page 1

199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.)))**

**H**
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4. (Find CTA5 Rule 28 and Find CTA5 Rule 47)

United States Court of Appeals,
Fifth Circuit.
Kelli Barrett FITCH; et al., Plaintiffs,
Kelli Barrett Fitch, Plaintiff-Appellant.
v.
Norman D. MORROW, Defendant-Appellee.

No. 05-20667
Summary Calendar.
Aug. 30, 2006.

**Background:** Arrestee and her husband brought state court action under § 1983 against police officer, claiming that arrest warrant applied for by officer failed to particularly describe the person for whom probable cause existed, and alleging negligence and slander claims arising out of arrest based on mistaken identity. The United States District Court for the Southern District of Texas, 2005 WL 1828592, entered summary judgment in favor of officer. Arrestee appealed.

**Holding:** The Court of Appeals, Carl E. Stewart, Circuit Judge, held that under the "break in the causal chain" doctrine, officer's conduct in procuring arrest warrant was shielded by qualified immunity.
   Judgment affirmed.

West Headnotes

**Civil Rights 78 ⇌1375**

78 Civil Rights
   78III Federal Remedies in General
      78k1372 Privilege or Immunity; Good Faith and Probable Cause
         78k1375 k. Attorneys, Jurors, and Witnesses; Public Defenders. Most Cited Cases

**Civil Rights 78 ⇌1376(6)**

78 Civil Rights
   78III Federal Remedies in General
      78k1372 Privilege or Immunity; Good Faith and Probable Cause
         78k1376 Government Agencies and Officers
            78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases

   Under the "break in the causal chain" doctrine, police officer's conduct in procuring arrest warrant, by signing probable cause affidavit and delivering fruits of his investigation to county district attorney's office, was shielded by qualified immunity from arrestee's claims under § 1983. 42 U.S.C.A. § 1983.

*347 Gregory Charles Gladden, Law Office of Gregg Gladden, Houston, TX, for Plaintiff-Appellant.

*348 Jay S. Siskind, Lisa Rice Hulsey, Houston, TX, for Defendant-Appellee.

Appeal from the United States District Court for the Southern District of Texas (4:03-CV-1686).



© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.)))

Before GARZA, STEWART and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge: FN*

> FN* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

**1 Plaintiff-Appellant Kelli Barrett Fitch ("Fitch") appeals the district court's grant of Defendant-Appellee Norman D. Morrow's ("Morrow") motion for summary judgment. Additionally, she requests that this court overrule its well-established "break in the causal chain" doctrine and ultimately determine that Morrow was not entitled to qualified immunity. We decline to do so; therefore, we affirm the judgment of the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Fitch and her husband initially brought suit under 42 U.S.C. § 1983 in state district court in Harris County, Texas, on April 19, 2002, claiming that an arrest warrant applied for by Morrow and issued for Fitch failed to particularly describe the person for whom probable cause existed, as required by the Particularity Clause of the Fourth Amendment to the United States Constitution. U.S. Const. amend. IV. They alleged negligence and slander claims arising out of her arrest based on mistaken identity. The suit was originally filed against PS Texas Holdings, LTD (d/b/a Public Storage), but Morrow was added in Fitch's second amended petition on January 16, 2003.
FN1

> FN1. The underlying warrant arose from activities surrounding the rental of a self-storage facility. Jesse Salazar rented a self-service storage unit in Houston, Texas, and listed "Kelly Barrett" as his alternate contact and co-renter on the face of the storage facility contract. Thereafter, the manager of the facility began noticing that Salazar and Barrett were acting suspiciously. After several tenants' items were stolen from numerous storage units, the manager contacted the Harris County Sheriff's Department for assistance. Based on interviews with the storage facility manager and a renter whose storage unit had been broken into and his items taken, Morrow searched via a Harris County computer search engine for matches in the Houston area for persons of the same name that matched Salazar and Barrett's physical descriptions, addresses, age, etc. Morrow's research led him to believe that Kelly Barrett was actually Kelli Renee Barrett (Fitch), even though the names were spelled differently. Eventually, Morrow signed a probable cause affidavit for her arrest and delivered it to the Harris County District Attorney's office for further processing. Fitch was arrested on May 1, 2001; however, it was later determined that she was not the same person listed on the rental agreement and, thus, she was released from jail. All of the records relating to Fitch's arrest and prosecution for the theft offenses were expunged and destroyed. Morrow has testified that he did not prepare the arrest warrant, meet with the magistrate judge that eventually signed the arrest warrant for Fitch, or personally arrest Fitch. Morrow also testified that he had no reason to believe that Kelly Barrett and Kelli Renee Barrett (Fitch) were not the same person.

The arrest warrant in question identified the subject as "Kelli Renee Barrett" (Fitch) of Katy, Texas; however, the warrant should have been issued for another party, "Kelly Barrett." Therefore, Fitch states that Morrow's arbitrary selection of her as the intended

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.)))

target of the arrest warrant was objectively unreasonable in light of the information readily available to him.

Morrow removed the case to federal court on May 19, 2003, and subsequently *349 filed a motion to dismiss. The district court granted the motion to dismiss reasoning that, assuming arguendo that Fitch's Fourth Amendment rights had been violated by an invalid arrest warrant for which Morrow had applied, Morrow was entitled to qualified immunity under current Fifth Circuit case law. Specifically, the district court stated that, "Plaintiffs have not alleged that Morrow intentionally withheld or misrepresented any information in his sworn application for warrant .... [they] clearly alleged only that Morrow was negligent .... [t]herefore, Plaintiff's complaint shows on its face that it is barred."

On February 20, 2004, Fitch moved for reconsideration of the district court's order, requesting that it review its holding that the issuance of a warrant by a neutral and detached magistrate breaks the causal chain between an officer's application and a suspect's arrest. On the same day, Fitch also filed a third amended complaint, omitting her husband as a party, relinquishing her state law claims, and alleging "constitutional" claims sounding in negligence. The district court responded, denying Fitch's request to hold the "break in the causal chain" theory unlawful; however, it found that the third amended complaint successfully stated a cause of action.

On December 7, 2004, Morrow filed a motion for summary judgment, stating that his subjective good faith, both independently and in conjunction with the magistrate judge's decision to issue the warrant for Fitch's arrest, broke the casual chain and protected him from liability under § 1983. The district court issued its final judgment on August 1, 2005, finding that no genuine issue of material fact existed regarding the information Morrow provided to the magistrate judge who issued the warrant for Fitch's arrest. It also held that Fitch did not provide sufficient evidence to indicate that Morrow tainted the magistrate judge's decision to sign the warrant. From the district court's judgment, Fitch appeals.

DISCUSSION

A. Standard of Review

**2 This court reviews a grant of summary judgment de novo, viewing the facts in the light most favorable to the non-movant. Freeman v. County of Bexar, 210 F.3d 550, 553 (5th Cir.2000). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions and/or affidavits show that there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In the absence of a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

B. Qualified Immunity and Clearly Established Law

Fitch argues that this circuit's "break in the causal chain" doctrine is inconsistent with the element of causation enacted by Congress under § 1983 and Supreme Court precedent. This court has held that "an officer who acted with malice in procuring the warrant or the indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the causal chain and insulates the initiating party." *350 Hand v. Gary, 838 F.2d 1420, 1427 (5th Cir.1988) (internal quotations omitted). Accordingly, because Fitch asserts that the doctrine should be invalidated, in turn, she asserts that Morrow is not entitled to be shielded by qualified immunity. She also conclusively states that summary judgment [FN2] was inappropriate in this case.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.)))

FN2. We do not consider Fitch's concise and conclusory statement in her brief regarding summary judgment because she did not reference specific facts in the summary judgment record which demonstrate a genuine issue of material fact. She does not discuss the summary judgment issue in the body of her argument nor does she offer evidence to support a finding that summary judgment was improperly granted. Because she has failed to adequately raise or brief any claimed genuine issue of material fact, she has essentially abandoned this issue on appeal and waived this panel's review of the district court's grant of summary judgment in favor of Morrow. See Fed. R.App. P. 28(a)(9).

Morrow's conduct, however, is shielded by qualified immunity in light of clearly established law. Saucier v. Katz, 533 U.S. 194, 210-11, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The clearly established law relied upon in applying the qualified immunity claim in this case is the "break in the causal chain" doctrine. Therefore, we must determine whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the officer's conduct violated a constitutional right." Id. at 201, 121 S.Ct. 2151. Measuring the objective reasonableness of Morrow's conduct in reference to the law regarding the "break in the causal chain" doctrine that clearly existed at the time of the conduct in question, we hold that in this case, Morrow's conduct was objectively reasonable; his conduct did not violate Fitch's constitutional rights.

Under the "break in the causal chain" doctrine, once "facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir.1994) (internal citations omitted). The causal chain is not broken, however, "if the plaintiff affirmatively shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendants.'" Shields v. Twiss, 389 F.3d 142, 150 (5th Cir.2004) (citing Taylor, 36 F.3d at 456.). The "break in the causal chain" doctrine is "firmly ensconced circuit precedent" that existed in 2000 when Morrow signed the probable cause affidavit and delivered the fruits of his investigation to the Harris County District Attorney's office. This panel is bound by the holdings of prior panels of this circuit, including their decisions detailing the impact and law surrounding this doctrine. Therefore, because we continue to recognize the "break in the causal chain" doctrine, we affirm the district court's decision to apply the qualified immunity doctrine.

## CONCLUSION

**\*3 For the foregoing reasons, the judgment of the district court is AFFIRMED.

C.A.5 (Tex.),2006.
Fitch v. Morrow
199 Fed.Appx. 347, 2006 WL 2505211 (C.A.5 (Tex.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.