Westlaw.

Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)
**(Cite as: 2010 WL 4643242 (N.D.Miss.))**

H
Only the Westlaw citation is currently available.

United States District Court,
N.D. Mississippi,
Eastern Division.
Clifton H. JONES, et al., Plaintiffs
v.
LOWNDES COUNTY, MISSISSIPPI; et al., Defendants.

No. 1:09–CV–87–SA–JAD.
Nov. 9, 2010.

Jeffery M. Navarro, Attorney, Aberdeen, MS, Mose Lee Sudduth, Jr., Attorney, Columbus, MS, for Plaintiffs.

Katherine S. Kerby, Kerby Law Firm, LLC, Columbus, MS, for Defendants.

### MEMORANDUM OPINION
SHARION AYCOCK, District Judge.

*1 Presently before the Court are Defendants' Motion for Summary Judgment [47] and Motion for Summary Judgment on Qualified Immunity [54]. For the reasons stated below, the Court grants Defendants' Motion for Summary Judgment. Therefore, Defendants' Motion for Summary Judgment on Qualified Immunity is moot, and this case is closed.

### I. BACKGROUND
The Lowndes County Sheriff's Department received a 911 call on Saturday, April 5, 2008 at approximately 4:48 in the evening. The caller stated that a suspicious person was purchasing pseudoephedrine pills—a precursor to the manufacture of methamphetamine. Lowndes County Deputy Sheriff Ivan Bryan subsequently arrested Plaintiffs for possession of precursors to the manufacture of methamphetamine on Saturday, April 5, 2008, at approximately 5:33 in the evening.

No Justice Court judge was available to make a probable cause determination on Saturday, April 5, 2008, or Sunday, April 6, 2008. Deputy Bryan, the arresting officer, returned to the Sheriff's Department on Monday, April 7, 2008, at approximately 2:30 in the afternoon. Bryan was not on duty that day, but he went to the Sheriff's Department after he finished work at his second job to obtain probable cause determinations for both Plaintiffs. However, the Justice Court judges had already left their chambers for the day—before the close of regular business hours.

On April 8, 2008, Bryan presented the necessary paperwork to Lowndes County Justice Court Judge Phillip Robertson, who made a probable cause determination and approved warrants for both Plaintiffs. Bryan then served both Plaintiffs with copies of the warrants. Judge Robertson did not allow the Plaintiffs to make their initial appearance on the same day that he made a probable cause determination.

Nance and Jones were taken for an initial appearance before Lowndes County Justice Court Judge Mike Arledge on April 9, 2008. Both Plaintiffs made bail, and they were released on Wednesday, April 9, 2008, at approximately 2:50 in the afternoon. On August 11, 2008, a grand jury indicted each Plaintiff for the possession of precursors to the manufacture methamphetamine. Both pled not guilty on August 18, 2008.

At the time of Plaintiffs' arrest, it was the policy of the Lowndes County Sheriff's Department that arrested individuals are allowed to make a telephone call at the time the booking officer has completed intake forms and intake questioning, with the excep-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)
**(Cite as: 2010 WL 4643242 (N.D.Miss.))**

tion of circumstances where immediate access to a telephone may jeopardize a criminal investigation. Deputy Bryan's responses to Plaintiffs' interrogatories indicate that the Lowndes County Sheriff's Department observed a policy of presenting those arrested without a warrant to a judge within 48 hours of arrest—but not later than 72 hours after arrest—for a probable cause determination. He further stated that the Department's policy was to present detainees to a judge as soon as reasonably possible without any unnecessary delay. Sheriff Howard's responses to Plaintiffs' interrogatories indicate that the Department's policy was to only detain those arrested without a warrant as long as possible and reasonable under the circumstances before a probable cause determination—but within 48 hours if possible.

## II. STANDARD OF REVIEW

*2 "Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT & T Corp., 314 F. App'x 696, 697 (5th Cir.2009) (quoting FED. R. CIV. P. 56(c)). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F.Supp.2d 672, 675 (N.D.Miss.2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

If a movant shows that there is no genuine issue of material fact, the nonmovant must "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED.R.CIV.P. 56(c), (e)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e)(2).

"Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir.2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S.Ct. 2505, 91 L.Ed.2d 202; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir.2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

## III. DISCUSSION

Plaintiffs have brought causes of action under 42 U.S.C. § 1983 for the alleged violation of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. To state a cognizable claim under Section 1983, Plaintiffs must allege two elements: (1) that they were "deprived of a right or interest secured by the Constitution and laws of the United States, and (2) the deprivation occurred under color of state law." Buckenberger v. Reed, 342 F. App'x 58, 61 (5th Cir.2009) (quoting James v. Collin County, 535 F.3d 365, 373 (5th Cir.2008)); Reynolds v. New Orleans, 272 F. App'x 331, 336 (5th Cir.2008) (citing Randolph v. Cervantez, 130 F.3d 727, 730 (5th Cir.1997)). Plaintiffs must also "show 'that ... defendant[s] w[ere] either personally involved in the deprivation or that [their] wrongful actions were causally connected to the deprivation.'" Buckenberger, 342 F. App'x at 61.

### A. Fourth Amendment

Plaintiffs argue that Defendants violated their Fourth Amendment rights by detaining them for longer than forty-eight hours without obtaining a determination of probable cause from a neutral magistrate. "[T]he Fourth Amendment requires a state to 'provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)
**(Cite as: 2010 WL 4643242 (N.D.Miss.))**

by a judicial officer either before or promptly after arrest.' " *Harris v. Payne,* 254 F. App'x 410, 418 (5th Cir.2007) (citing *Gerstein v. Pugh,* 420 U.S. 103, 124–25, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)); *see also County of Riverside v. McLaughlin,* 500 U.S. 44, 52, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). " '[P]rompt' generally means within 48 hours of the warrantless arrest." *Powell v. Nevada,* 511 U.S. 79, 80, 114 S.Ct. 1280, 128 L.Ed.2d 1 (1994). Accordingly, a jurisdiction that provides a judicial determination of probable cause within 48 hours of arrest will, absent extraordinary circumstances, comply with the Fourth Amendment's promptness requirement. *Id.; McLaughlin,* 500 U.S. at 56, 111 S.Ct. 1661, 114 L.Ed.2d 49.

**\*3** However, a probable cause determination does not necessarily pass constitutional muster simply because it occurred within 48 hours of rest. *McLaughlin,* 500 U.S. at 56, 111 S.Ct. 1661, 114 L.Ed.2d 49. The hearing may nonetheless violate the Fourth Amendment's requirements "if the arrested individual can prove that the probable cause determination was delayed unreasonably." *Id.* Examples of unreasonable delay include "delay for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will toward the arrested individual, or delay for delay's sake." *Id.* "[C]ourts must allow a substantial degree of flexibility." *Id.* They "cannot ignore the often unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities." *Id.* at 56–57, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49.

If a detainee does not receive a probable cause determination within forty-eight hours of arrest, "the arrested individual does not bear the burden of proving an unreasonable delay. Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49. The consolidation of pretrial proceedings and intervening weekends do not qualify as an extraordinary circumstance. *Id.* Federal courts have found that the unavailability of a judicial officer is a legitimate justification for delaying the determination of probable cause after a warrantless arrest. *White v. Taylor,* 959 F.2d 539, 546 n. 6 (5th Cir.1992) (observing that chief of police holding a person overnight after a warrantless arrest due to the unavailability of a magistrate was not a violation of the Fourth Amendment) (citing *McLaughlin,* 500 U.S. at 56, 111 S.Ct. 1661, 114 L.Ed.2d 49); *United States v. Guthrie,* 265 F. App'x 478, 480 (9th Cir.2008) (where the only magistrate in the jurisdiction was unexpectedly unavailable due to a family emergency, delay in determination of probable cause was constitutionally acceptable) (citing *McLaughlin,* 500 U.S. at 56, 111 S.Ct. 1661, 114 L.Ed.2d 49).[FN1] Indeed, when it imposed the forty-eight hour requirement, the United States Supreme Court contemplated that the unavailability of a magistrate may permissibly delay a determination of probable cause. *See McLaughlin,* 500 U.S. at 56–57, 111 S.Ct. 1661, 114 L.Ed.2d 49 ("Courts cannot ignore the often unavoidable delays in ... handling late-night bookings where no magistrate is readily available, ... and other practical realities.").

> FN1. In both of these cases, the arrested person received a probable cause determination within 48 hours. *White,* 959 F.2d at 543; *Guthrie,* 265 F. App'x at 479. However, that has no bearing on the issue of whether the unavailability of a magistrate may cause a reasonable and necessary delay of a probable cause determination. The forty-eight hour rule only serves to allocate the burden of proof. If a probable cause determination occurs within the forty-eight hours after arrest, the delay is presumed to be constitutionally permissible, and the arrested person has the burden to show that the delay was unrea-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)
**(Cite as: 2010 WL 4643242 (N.D.Miss.))**

sonable. *McLaughlin,* 500 U.S. at 56–57, 111 S.Ct. 1661, 114 L.Ed.2d 49. Conversely, if a probable cause determination does not occur within forty-eight hours, the state has the burden of showing that the delay was reasonable and necessary. *Id.* If the unavailability of a magistrate is a permissible reason for delay prior to the forty-eight hour mark, there is no reason why it should not be a permissible reason for delay after the forty-eight hour mark—absent other circumstances not implicated here.

The Federal Rules of Criminal Procedure provide a requirement analogous to *McLaughlin's* forty-eight hour rule. Rule 5(a) provides that a "person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." FED.R.CRIM.P. 5(a). While Rule 5(a) only applies to arrests made by or for federal officials,[FN2] the Court finds the Fifth Circuit's discussion of Rule 5(a) instructive in the present matter. In the context of Rule 5(a)'s requirements, the Fifth Circuit has held that the unavailability of a magistrate may constitute a reasonable and necessary reason for delay. *See United States v. Perez–Bustamante,* 963 F.2d 48, 53–54 (5th Cir.1992) (where federal agents arrested defendant late on Friday, December 28, delay until Wednesday, January 2, was not sufficient to render his confession inadmissible, as there was no evidence of delay for the purpose of further interrogation); *United States v. Mendoza,* 473 F.2d 697, 702 (5th Cir.1973) (in pre-*Gerstein* federal criminal case, court considered the availability of a magistrate when determining whether an arrested person was brought before a magistrate "without unnecessary delay"). Likewise, other jurisdictions have held that delays caused by the unavailability of a magistrate do not necessarily violate Rule 5(a). *See United States v. Van Poyck,* 77 F.3d 285, 289 (9th Cir.1996) (finding that an overnight or weekend delay due to the unavailability of a magistrate was not necessarily unreasonable); *United States v. Collins,* 349 F.2d 296, 298 (6th Cir.1965) (where no judicial officer was available over weekend, detention did not violate Rule 5); *United States v. Lizarraga–Caceres,* 2007 U.S. Dist. LEXIS 45107, at *41–*42, 2007 WL 1796968 (M.D. Fla. June 8, 2007) (where defendants were arrested at sea, arrived at U.S. mainland at night five days later, and presented to magistrate immediately the next morning, Rule 5(a) was not violated).

FN2. *See United States v. Romano,* 482 F.2d 1183, 1190 (5th Cir.1973).

**\*4** The undisputed evidence in the record establishes that Plaintiffs were arrested without a warrant on Saturday, April 5, 2008, at approximately 5:33 in the evening. No judge was available to make a probable cause determination on Saturday or Sunday. On Monday, April 7, 2008, the arresting officer attempted to obtain a probable cause determination from a judge at approximately 2:30 in the afternoon—within the forty-eight hour window established by *McLaughlin.* However, the judges had already left for the day. Accordingly, the arresting officer obtained a probable cause determination the following day and served warrants on Plaintiffs. Plaintiffs have not presented any evidence that a reason other than the unavailability of a judge caused Defendants to delay their probable cause determination. In light of the case law cited above, the Court finds that Defendants have presented evidence of a reasonable and necessary delay sufficient to carry their burden under *McLaughlin.* Therefore, Defendants' failure to obtain a probable cause determination until Tuesday, April 8, 2008, does not constitute a Fourth Amendment violation.

Plaintiffs also contend that Defendants violated their Fourth Amendment rights by detaining them for longer than forty-eight hours without presenting them to a judicial officer for purposes of setting bail. The Fourth Amendment's promptness requirement—as it was developed in *Gerstein* and *McLaugh-*

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)
(Cite as: 2010 WL 4643242 (N.D.Miss.))

lin—concerns the length of detention after a warrantless arrest before a determination of probable cause by a neutral magistrate. See Harris, 254 F. App'x at 418; Gerstein, 420 U.S. at 124–25, 95 S.Ct. 854, 43 L.Ed.2d 54; McLaughlin, 500 U.S. at 52, 111 S.Ct. 1661, 114 L.Ed.2d 49; Powell, 511 U.S. at 80, 114 S.Ct. 1280, 128 L.Ed.2d 1. Gerstein and its progeny do not require that criminal defendants be arraigned or make an initial appearance within forty-eight hours of arrest. Rather, they require that those detained pursuant to a warrantless arrest receive a prompt determination of probable cause. See Powell, 511 U.S. at 83–84, 114 S.Ct. 1280, 128 L.Ed.2d 1 (defendant's arrest was validated when magistrate made probable cause determination four days after arrest, not when defendant made initial appearance ten days after arrest); Gerstein, 420 U.S. at 120, 95 S.Ct. 854, 43 L.Ed.2d 54 ("The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings. This issue can be determined reliably without an adversary hearing."); Baker v. McCollan, 443 U.S. 137, 143, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Indeed, the United States Supreme Court implicitly contemplated that matters such as an arraignment or initial appearance may permissibly take place at a later time than the detainee's probable cause determination. McLaughlin, 500 U.S. at 57, 111 S.Ct. 1661, 114 L.Ed.2d 49 ("The fact that in a particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance. A jurisdiction that chooses to offer combined proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest."). Therefore, Defendants' failure to present Plaintiffs before a magistrate for purposes of setting bail within forty-eight hours of arrest does not constitute a Fourth Amendment violation.

*5 Finally, the Court notes that Plaintiffs must "show 'that ... defendant [s] w[ere] either personally involved in the deprivation or that [their] wrongful actions were causally connected to the deprivation.'" Buckenberger, 342 F. App'x at 61. As noted above, Defendants' delay until Tuesday, April 8, 2008, in obtaining a determination of probable cause for Plaintiffs' arrest was a reasonable and necessary delay caused by the unavailability of a judge. The undisputed evidence in the record indicates that the further delay of Plaintiffs' initial appearance for purposes of setting bail was caused by the judges' policy of not allowing an initial appearance on the same day that an arrest warrant is issued, rather than any action by Defendants.

For all the reasons cited above, the Court grants Defendants' Motion for Summary Judgment as to Plaintiffs' Section 1983 causes of action premised upon alleged violations of the Fourth Amendment.

**B. Fifth Amendment**
Plaintiffs contend that Defendants violated the Fifth Amendment's Due Process clause. However, the Fifth Amendment's Due Process clause only applies to the United States or federal actors. De Fuentes v. Gonzalez, 462 F.3d 498, 503 n. 7 (5th Cir.2006) (citing Rodriguez–Silva v. INS, 242 F.3d 243, 247 (5th Cir.2001)); Jones v. McMillin, 203 F.3d 875, 880 (5th Cir.2000) (citing Morin v. Caire, 77 F.3d 116, 120 (5th Cir.1996)). Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiffs' Section 1983 claim for alleged violations of the Fifth Amendment.

**C. Eighth Amendment**
When considering the claims of pretrial detainees, the Court must consider the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Eighth Amendment's guarantees are implicated after the "State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Id. (quoting Ingraham v. Wright, 430 U.S. 651, 671–72 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)). Impositions of punishment occurring prior to "a for-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)
(Cite as: 2010 WL 4643242 (N.D.Miss.))

mal adjudication of guilt in accordance with due process of law" implicate the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Id.*

It is undisputed that Plaintiffs had not yet undergone a formal adjudication of guilt in accordance with due process of law at the time of the events described above. Therefore, Plaintiffs have failed to allege a violation of the Eighth Amendment, and the Court grants Defendants' Motion for Summary Judgment as to Plaintiffs' Section 1983 cause of action stemming therefrom. *See also Broussard v. Parish of Orleans,* 318 F.3d 644, 652 (5th Cir.2003) ( "... allegations of punishment before adjudication of guilt must be addressed under the Due Process Clause of the Fourteenth Amendment.") (citing *Ingraham,* 430 U.S. at 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711); *Scott v. Moore,* 85 F.3d 230, 234–35 (5th Cir.1996) ("... the Eighth Amendment's prohibition against 'cruel and unusual punishment' applies only to convicted prisoners and not to pretrial detainees ...") (citing *Ingraham,* 430 U.S. at 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711).

### D. Fourteenth Amendment

*6 "Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.' " *Shepherd v. Dallas County,* 591 F.3d 445, 452 (5th Cir.2009) (citing *Hare v. City of Corinth,* 74 F.3d 633, 644–45 (5th Cir.1996) (en banc)). Plaintiffs have merely argued that Defendants violated the Fourteenth Amendment, without advancing a discernable theory of violation. However, Plaintiffs cited *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), as the primary case law supporting their allegation of a Fourteenth Amendment deprivation. In *Bell,* the United States Supreme Court held:

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. A person lawfully committed to pretrial detention has not been adjudged guilty of any crime. He has had only a "judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest."

*Id.* at 535–36, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (internal citation omitted, alteration original) (quoting *Gerstein,* 420 U.S. at 114, 95 S.Ct. 854, 43 L.Ed.2d 54). Accordingly, when a person has received the benefit of a judicial determination of probable cause for their arrest, "the Government may ... detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447. Therefore, as *Bell* largely concerned conditions of pretrial detention, the Court will assume that Plaintiffs' Fourteenth Amendment claim is an attack on a "condition of confinement."

Liberally construing Plaintiffs' Complaint and briefing, the Court discerns three alleged Fourteenth Amendment deprivations. Plaintiffs argue that Defendants violated the Fourteenth Amendment by 1) holding them for three days before obtaining a probable cause determination; 2) holding them an additional day before a judge set their bail; 3) not allowing them to make a phone call to obtain legal representation. The task for the Court, therefore, is to determine whether the conditions imposed on Plaintiffs—as pretrial detainees—were "imposed for the purpose of punishment" or whether they were incident to "some other legitimate governmental purpose." *Id.* at 538, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (citing *Flemming v. Nestor,* 363 U.S. 603, 613–17, 80 S.Ct.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)
**(Cite as: 2010 WL 4643242 (N.D.Miss.))**

1367, 4 L.Ed.2d 1435 (1960)). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].' " Id. (citing Kennedy v. Mendoza–Martinez, 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)) (alteration original). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' " Id. at 539, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447; see also Shepherd, 591 F.3d at 452 ("... to constitute impermissible punishment, the condition must be one that is 'arbitrary or purposeless' or, put differently, 'not reasonably related to a legitimate goal.' ") (quoting Bell, 441 U.S. at 539, 99 S.Ct. 1861, 60 L.Ed.2d 447). The intent to punish is presumed if a condition or restriction of confinement is "otherwise senseless." Shepherd, 591 F.3d at 454.

*7 First, the Court has already held that Defendants' detention of Plaintiffs for three days prior to obtaining a determination of probable cause was a reasonable and necessary delay caused by the unavailability of a magistrate. While it is unclear whether the length of pretrial detention is the sort of "condition" contemplated by Bell's Fourteenth Amendment analysis, it is apparent from the undisputed facts of the present case that the length of Plaintiffs' pretrial detention was reasonably related to a legitimate governmental objective—acquiring a determination of probable cause by a judicial officer. Accordingly, the Court holds that Plaintiffs have failed to show that Defendants' detention of them for three days prior to obtaining a determination of probable cause constitutes "punishment" in the context of the Fourteenth Amendment's Due Process clause.

While it is likewise unclear whether the length of pretrial detention prior to the setting of bail is the sort of "condition" contemplated by the Bell analysis, it is apparent from the undisputed facts of the present case that Defendants' delay in presenting Plaintiffs to Judge Arledge for purposes of setting bail was caused by factors outside Defendants' control. As discussed above, Plaintiffs must "show 'that ... defendant[s] w[ere] either personally involved in the deprivation or that [their] wrongful actions were causally connected to the deprivation.' " Buckenberger, 342 F. App'x at 61. Therefore, even if the Fourteenth Amendment is applicable in this context, Plaintiffs have failed to show that Defendants caused the alleged deprivation at issue. Furthermore, "a detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs; any lesser showing cannot prove punishment in violation of the detainee's Due Process rights." Shepherd, 591 F.3d at 454. Plaintiffs have offered no evidence of a pervasive pattern of deficiencies. They have only alleged a single occurrence.[FN3]

> FN3. Plaintiffs also cite Mississippi Code Section 19–25–67, which provides that a sheriff "may fix the amount of ... bonds, only in emergency circumstances. 'Emergency circumstances' means a situation in which a person is arrested without a warrant and cannot be taken before a judicial officer for a determination of probable cause within a reasonable time, or with forty-eight (48) hours, whichever is the lesser, after the arrest." MISS.CODE ANN. § 19–25–67. However, the statute explicitly grants sheriffs *discretionary* authority to fix the amount of bonds. Indeed, it provides that a sheriff *"may* fix the amount of ... bonds," while it provides that a sheriff *"shall* ... keep the peace within his county," and *"shall* pursue, apprehend, and commit to jail all persons charged with treason, felony, or other crimes." MISS.CODE ANN. § 19–25–67 (emphasis added). "[A] benefit is not a protected entitlement if government officials may grant or

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)
(Cite as: 2010 WL 4643242 (N.D.Miss.))

deny it in their discretion." Town of Castle Rock v. Gonzalez, 545 U.S. 748, 756, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462–63, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)). Phrased more succinctly: there is no absolute constitutional right to bail. Broussard, 318 F.3d at 650.

Finally, Plaintiffs allege that Defendants would not allow them to make a phone call to obtain legal representation. However, Plaintiffs have offered no evidence to support this allegation. The record indicates that the general policy in effect at the Lowndes County Adult Detention Center at the time of Plaintiffs' detention allowed inmates multiple opportunities to use a telephone. Among those opportunities was access to a telephone immediately after a person is booked into the facility. Therefore, the Court grants Defendants' Motion for Summary Judgment as to any Fourteenth Amendment claim premised upon the alleged denial of access to a telephone.

For the reasons stated above, the Court grants Defendants' Motion for Summary Judgment as to Plaintiffs' Section 1983 claim premised upon alleged violations of the Fourteenth Amendment.[FN4]

> FN4. Even if Plaintiffs' intent was to argue the "episodic act or omission" theory—rather than the "condition of confinement" theory—they have not presented sufficient evidence to avoid summary judgment. Because the focus of an "episodic act or omission" claim is "one individual's misconduct, the detainee is required to prove intent—specifically that one or more jail officials 'acted or failed to act with deliberate indifference to the detainee's needs.' " Shepherd, 591 F.3d at 452 (quoting Hare, 74 F.3d at 648). Plaintiff has not presented any evidence that Defendants were deliberately indifferent to his needs. Indeed, the evidence in the record indicates that the arresting officer came in on his day off specifically for the purpose of obtaining a determination of probable cause from a judicial officer. As noted above, the delays in obtaining a determination of probable cause and presenting Plaintiffs to a judge for purposes of setting bail were caused by factors outside Defendants' control. Accordingly, Plaintiffs' Fourteenth Amendment claim would likewise fail under the "episodic act or omission" theory.

*E. State Law Claims*

Plaintiff concedes his state law claims. Accordingly, the Court grants Defendants' Motion for Summary Judgment as to them.

### IV. CONCLUSION

*8 For the reasons stated above, the Court grants Defendants' Motion for Summary Judgment. Therefore, Defendants' Motion for Summary Judgment on Qualified Immunity is moot, and this case is closed. An order consistent with this opinion will be entered on this, the 9th day of November, 2010.

N.D.Miss.,2010.
Jones v. Lowndes County, Miss.
Not Reported in F.Supp.2d, 2010 WL 4643242 (N.D.Miss.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.