Westlaw.

Not Reported in F.Supp.2d, 2010 WL 1375632 (N.D.Miss.)
**(Cite as: 2010 WL 1375632 (N.D.Miss.))**

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
N.D. Mississippi,
Delta Division.
Jonie DANIEL, Plaintiff
v.
Bolivar County Sheriff H.M. GRIMMETT, individually and in his Official Capacity; Bolivar County Deputy Sheriff Gerald Wesley, individually and in his Official Capacity; and Bolivar County Deputy Sheriff Charles Griffen, individually and in his Official Capacity, Defendants.

Civil Action No. 2:09cv004-D-S.
April 6, 2010.

Gary K. Silberman, Byrd & Associates, Jackson, MS, Carlos Eugene Moore, Juan T. Williams, Moore Law Firm, PLLC, Grenada, MS, for Plaintiff.

David D. O'Donnell, Clayton O'Donnell, PLLC, Oxford, MS, for Defendant.

*MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*
GLEN H. DAVIDSON, Senior District Judge.

**\*1** Presently before this Court is Defendants Motion for Summary Judgment. After reviewing the motion, responses, pleadings, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*
Prior to March 17, 2005, Plaintiff, Jonie Daniel, resided in Bolivar County, Mississippi and was a self-employed roofing contractor. On March 11, 2005, the Bolivar County Sheriffs Department received a burglary complaint by Derond Lewis who alleged that Daniel entered his home while it was unoccupied and took a number of items from the home. Lewis signed an Affidavit stating his belief that Daniel was the individual responsible for the missing items and, based on the Affidavit, a warrant was issued for Daniel's arrest by the Justice Court of Bolivar County. Pursuant to the arrest warrant, on March 17, 2005, Plaintiff was arrested and detained by Defendants Gerald Wesley and Charles Griffin on a charge of Burglary of an Unoccupied Dwelling. Plaintiff was detained at the Bolivar County Correctional Facility until March 18, 2005, when he was released without bond on his own recognizance.

As stated in Plaintiff's deposition, on March 23, 2005, Defendant Wesley returned to talk to Plaintiff and informed Plaintiff that the Justice Court was now requiring a $5,000 cash bond as a condition of his release on the burglary charge and a release "on his own recognizance" was no longer acceptable to the Justice Court. Plaintiff was not arrested by Defendants on March 23, 2005 nor was he placed in handcuffs, a patrol car or taken anywhere by Defendants. Plaintiff was allowed to contact a local bail bondsman and arrange for the cash bond. Plaintiff testified that he caught a ride with a guy who took him to Lawson Bail Bonds in Rosedale, Mississippi. Lawson Bail Bonding posted the bond on March 23, 2005. The burglary charge against Daniel remained pending until September 4, 2005, when the charges were dismissed.

Plaintiff filed this action in the Circuit Court of Bolivar County, Mississippi on September 4, 2008, stating that the March 17, 2005 arrest was without probable cause and therefore violated his Fourth Amendment rights. The Complaint further states that Plaintiff was falsely arrested a second time on March

EXHIBIT

tabbies®

6

Not Reported in F.Supp.2d, 2010 WL 1375632 (N.D.Miss.)
**(Cite as: 2010 WL 1375632 (N.D.Miss.))**

23, 2005 and was released on March 24, 2005. On January 8, 2009, Defendants removed this action to this Court. Defendants timely filed their Answer on January 16, 2009, in which they denied all liability for Plaintiff's claims. The Court finds that Plaintiff has presented no evidence of any genuine issue of material fact as to any of his claims and therefore, those claims are addressed below.

### B. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*2 The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp., 477 U.S. at 324; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir.1995); Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir.2001). That burden is not discharged by "mere allegations or denials." Fed.R.Civ.P. 56(e). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co.

v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir.2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir.1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

### C. Discussion

"The first inquiry in any section 1983 suit is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' " Baker v. McCollan, 443 U.S. 137, 139, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) (quoting 42 U.S.C. § 1983). Plaintiff states claims of false arrest and malicious prosecution. Within Plaintiff's reply brief, he attempts to assert a claim against Sheriff Grimmett for failure to properly train. As the Supreme Court has held, "the Constitution does not guarantee that only the guilty will be arrested." Baker v. McCollan, 443 U.S. at 145, 99 S.Ct. at 2695.

### i. False Arrest under 42 U.S.C. § 1983

Plaintiff's first claim against Defendants if for false arrest under 42 U.S.C. § 1983. Defendants ask the Court to grant summary judgment on this claim. Defendants argue that there is no evidence that Plaintiff's March 17, 2005 arrest was made without probable cause. In Gerstein v. Pugh, 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975), a case considering state prosecutorial procedure, the United States Supreme Court held the Fourth Amendment requires nothing more of the states than a judicial or neutral determination of probable cause to arrest. Gerstein, 420 U.S. at 114, 95 S.Ct. at 863. Under Gerstein, a constitutionally sufficient neutral determination of probable cause to arrest may be made by the issuance of a warrant. Gerstein, 420 U.S. at 113, 95 S.Ct. at 862.

The Fifth Circuit has held a "facially valid arrest warrant satisfies the Fourth Amendment prerequisites." Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir.1982). In Smith, the Fifth Circuit also found, "where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest."

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1375632 (N.D.Miss.)
**(Cite as: 2010 WL 1375632 (N.D.Miss.))**

*Id.* (*citing* Rodriguez v. Ritchey, 556 F.2d 1185 (5th Cir.1977)). The Fifth Circuit has further held, "a warrant is valid even though the court, through lack of information or otherwise, has issued it for the arrest of a person in fact innocent of the offense alleged." *Rodriguez v. Ritchey,* 556 F.2d 1185, 1191 (5th Cir.1977)(*quoting* Restatement (Second) of Torts s.123, Comment a (1965)).

*\*3* In his complaint, Plaintiff states a claim for false arrest alleging there was no arrest warrant. However, in his brief Plaintiff admits an arrest warrant existed but argues that the warrant was not facially valid because it was based on the sworn affidavit of the victim who was not present when the crime was allegedly committed and there were no underlying facts or circumstances upon which the Justice Court Judge could rely. Plaintiff does not question the content of the affidavit or even the validity of what it states, only that the affidavit "is solely based on the word of an alleged victim."

The United States Supreme Court held, "a reviewing court should not invalidate a warrant by interpreting the affidavit or complaint in a hyper technical manner." *llinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The standard used to determine whether the facts alleged in the affidavit establish probable cause is to examine that totality of the circumstances. *See Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. The sufficiency of an affidavit for an arrest warrant is limited to the four corners of the affidavit, viewing the affidavit in a common sense and realistic manner, and recognizing the judge's discretion to draw reasonable inferences. The said arrest warrant was secured upon facts alleged in a supporting affidavit, which was presented to a neutral and detached Justice Court Judge who made an impartial decision that probable cause did exist for the issuance of said warrant. The Court is of the opinion that probable cause did exist.

Assuming, *arguendo,* the Court found that the

Justice Court did not have probable cause to issue the warrant based on the affidavit of the alleged victim, the Court must then determine if Defendants acted in good faith in executing the arrest warrant. There is nothing in the record, nor does Plaintiff contend, that Defendants acted in bad faith. The Court is of the opinion that the Defendants acted in good faith upon the arrest warrant and are not liable for an alleged violation of Plaintiff's constitutional rights. *See U.S. v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (holding that when a police officer acts in good faith upon an arrest warrant that officer is not liable for a violation of a plaintiff's constitutional rights, even if the arrest warrant were invalid).

Therefore, the Court finds that summary judgment is proper on Plaintiff's claims for false arrest.

*ii. Malicious Prosecution under 42 U.S.C. § 1983*
Plaintiffs second claim against Defendants is for malicious prosecution under 42 U.S.C. § 1983. In the Fifth Circuit, a plaintiff in a § 1983 malicious prosecution action need establish only the elements of common-law malicious prosecution." *Scribner v. Dillard,* 269 F.Supp.2d 716, 718 (N.D.Miss.2003)(*citing Gordy v. Burns,* 294 F.3d 722, 725 (5th Cir.2002)). In order to establish a claim for malicious prosecution, a plaintiff must prove, (1) the institution or continuation of original judicial proceedings; (2) by or at the insistence of the defendant; (3) malice in instituting the proceeding; (4) want of probable cause for the proceeding; and (5) the suffering of damages as a result of the action. *Scribner,* 269 F.Supp.2d at 718. *See also Strong v. Nicholson,* 580 So.2d 1288, 1293 (Miss.1991); *Enlow v. Tishomingo County,* 962 F.2d 501, 512 (5th Cir.1992).

*\*4* Both Plaintiff and Defedants agree that the controlling case law in the Fifth Circuit is *Castellano v. Fragozio,* 352 F.3d 939 (5th Cir.2003). According to *Castellano,* ' "malicious prosecution' of criminal proceedings occurs when one citizen initiates or procures initiation of criminal proceedings against an

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1375632 (N.D.Miss.)
(Cite as: 2010 WL 1375632 (N.D.Miss.))

innocent person, for an improper purpose and without probable cause therefor, if the proceedings terminate favorably for the person thus prosecuted." *Castellano, 352 F.3d at 945* (*quoting Fowler v. Harper et al.,* The Law of Torts § 4.1 (3d ed.1996)). In *Castellano,* the Fifth Circuit undertook an extensive analysis of its sister circuits approaches to malicious prosecution claims under section 1983. The *Castellano* court then turned to the United States Supreme Court's decision in *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), in which the Supreme Court "rejected the contention that the initiation of criminal proceedings without probable cause is a violation of substantive due process, holding that petitioner must look to the explicit text of the Fourth Amendment as a source of protection for the 'particular sort of government behavior' at issue. To the point, causing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim." *Castellano,* 352 F.3d at 953 (citing *Albright,* 510 U.S. at 271, 114 S.Ct. at 811).

In the case *sub judice,* Defendants quote *Castellano* to support their argument that the plaintiff may not maintain a claim for malicious prosecution under Section 1983. Plaintiff argues that Defendants incorrectly applied *Castellano* to the present case because "Plaintiff's claim of malicious prosecution rests on his right to be free from unreasonable search and seizure."

As the Court found above, there was probable cause of issuance of the warrant and Plaintiff's claim for false arrest failed. In keeping with that ruling, Plaintiff's claim for malicious prosecution cannot stand without the constitutional claim upon which it rests.

Again, assuming, *arguendo,* the false arrest claim had survived summary judgment, Plaintiff would have to establish the elements as stated previously. Plaintiff was arrested and charged with burglary; therefore, the first element that judicial proceedings were instituted against Plaintiff has been met.

Plaintiff must next satisfy the second element that those proceeds were instituted "by or at the insistence of Defendants." The affidavit upon which the arrest warrant was issued was signed by a non-party to the case *sub judice.* Defendants were merely performing one for their duties by executing the arrest warrant and were not involved in initiating the judicial proceeding for burglary against Plaintiff. Consequently, Plaintiff has failed to satisfy the second element.

The third element poses another hurdle for Plaintiff. In the last paragraph of his Complaint, beginning with "WHEREFORE," Plaintiff alleges he is entitled to damages due to Defendants' negligence and gross negligence. Nowhere else does Plaintiff allege Defendants acted with malice or any ulterior motive in executing the arrest warrant or in arresting Plaintiff.

*5 In addition, based on the Court's ruling that there was probable cause in the issuance of the arrest warrant, Plaintiff cannot establish the fourth element of malicious prosecution. Therefore, the Court finds that summary judgment should be granted as to Plaintiff's malicious prosecution claim.

*iii. Alleged "Second" Arrest*

Plaintiff's next claim for relief centers around an alleged second arrest on March 23, 2005. Plaintiff admits that he was not physically detained on March 23, 2005 in any way. Plaintiff alleges that Deputy Wesley's visit to Plaintiff to tell him that the Justice Court required a bond and that being released on his own recognizance was no longer valid constituted an arrest.

In *U.S. v. Corral-Franco,* 848 F.2d 536, 540 (5th Cir.1988), the Fifth Circuit set forth the reasonableness test in determining whether a person is under arrest, stating:

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1375632 (N.D.Miss.)
**(Cite as: 2010 WL 1375632 (N.D.Miss.))**

... one not formally arrested is deemed in custody if, but only if, "a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which law associates with formal arrest." The "reasonable person" for these purposes is one "neither guilty of criminal conduct and thus overly apprehensive, nor insensitive to the seriousness of the circumstances."

*U.S. v. Corral-Franco,* 848 F.2d at 540(*quoting United States v. Bengivenga,* 845 F.2d 593 (5th Cir.1988)). This reasonableness test "is also controlling for Fourth Amendment purposes." *Corral-Franco,* 848 F.2d at 540.

Plaintiff argues, "a reasonable person would conclude that not posting the bond would result in continuing detainment until such bond was posted." The Court agrees that had Plaintiff not posted bond, he would have been detained at some point and assuming as much is reasonable. However, Plaintiff completely misconstrues the test. The reasonable test applies to the moment in time in which the alleged arrest is being made, not at some point in time in the future. Plaintiff testified in his deposition that he was not taken to the jail nor was he physically detained in any way. In fact, Plaintiff testified that was allowed to leave with a friend to go to Rosedale, Mississippi to the bail bonding company. There was no restraint on Plaintiff's freedom of movement. Obviously, a reasonable person would not have understood the situation to constitute a restraint on freedom of movement much less a restraint associated with a formal arrest. Defendant's visit to Plaintiff to inform him of the bond requirement in no way rose to the level of a current restraint on his freedom of movement. Therefore, the Court finds Plaintiff's claim for false arrest fails.

*iv. Claims Against Sheriff Grimmett in His Individual Capacity*

Plaintiff next argues that Sheriff Grimmett is liable for his deliberate indifference in failing to train and/or supervise Wesley and Griffin. Defendant Grimmett argues he is entitled to immunity.

**\*6** Supervisory officials who are not directly involved in the acts or omissions which lead to the alleged deprivation of a constitutional right can be held liable under <u>Section 1983</u> if: 1) the sheriff failed to train or supervise the officers involved; 2) there is a casual connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir.2001). The Fifth Circuit requires more than "a single instance of lack of training or supervision causing a violation of constitutional rights" to amount to deliberate indifference. *Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir.2003) (citations omitted). Rather, "the plaintiff must generally demonstrate at least a pattern of similar violations." *Thompson,* 245 F.3d at 459. The Plaintiff has neglected to specifically allege exactly how Defendant Grimmett failed to train and/or supervise employees. Further, as *Thompson* requires, the Plaintiff has completely and fatally failed to show the existence of a pattern or practice of such deficiencies which resulted in even a single similar violation. In accordance with *Thompson,* Plaintiff's meager assertion is insufficient to impute liability to Defendant Grimmett, individually, for an alleged failure to supervise or train. In addition, Plaintiff has failed to show there was violation of his constitutional rights that support a claim against Sheriff Grimmett. Therefore, the Court holds that the Plaintiff has failed to state a claim against Defendant Grimmett in his individual capacity for a failure to train and/or supervise his subordinates.

*v. Claims Against Sheriff Grimmett in His Official Capacity*
Defendant Grimmett is also sued in his official

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1375632 (N.D.Miss.)
**(Cite as: 2010 WL 1375632 (N.D.Miss.))**

capacity as Sheriff of Bolivar County. The "real party in interest in an official capacity suit is the government entity and not the named official." *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991). The Fifth Circuit has specifically held that suits against a sheriff in his official capacity should be treated as a suit against the county. *Brooks v. George County, Miss.,* 84 F.3d 157, 165 (5th Cir.1996). A county is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy.[FN1]

> FN1. An official policy is "either a policy statement, ordinance, regulation, etc., that has been officially adopted by a policymaker, or a persistent, widespread practice of officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents the municipality's policy." *Brumfield v. Hollins,* 551 F.3d 322, 327 n. 3 (5th Cir.2008).

More specifically, Plaintiff must identify "(1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right." *Grandstaff v. City of Borger, Texas,* 767 F.2d 161, 169 (5th Cir.1985). Similarly, an isolated incident is not sufficient to show that a custom exists. As the Fifth Circuit stated in *Bennett v. City of Slidell,* 728 F.2d 762, 768 n. 3 (5th Cir.1984) (en banc), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985), "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy." The Supreme Court has elaborated on the causal requirement by holding that the connection must be more than de facto; the policy or custom must be "the moving force of the constitutional violation." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *See also City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 2433-34, 85 L.Ed.2d 791 (1985) (plurality opinion).

*7 Plaintiff argues that Bolivar County has a policy of issuing arrest warrants and makes a conclusory allegation that the policy includes issuing warrants without probable cause. However, Plaintiff fails to provide any facts or evidence to support his allegation. In addition, Plaintiff does not allege or provide any evidence that Bolivar County has ever issued an arrest warrant without probable cause previously. The Court finds that Plaintiff has failed to show that his alleged Constitution deprivation was due to an official policy or that the alleged deprivation was more than an isolated event. Therefore, summary judgment is proper on Plaintiff's claims against Sheriff Grimmett in his official capacity.

*vi. Qualified Immunity*

Defendants also assert the defense of qualified immunity. Plaintiff argues they are not entitled to qualified immunity because there was a lack of probable cause. Having determined that there was probable cause, the Court need not address Defendants qualified immunity. In any event, the Court will out of an abundance of caution.

Qualified immunity protects public officials from suit unless their conduct violates a clearly established constitutional right. *Mace v. City of Palestine,* 333 F.3d 621, 623 (5th Cir.2003). The defendant must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir.2001). Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law. *Id.*

A claim of qualified immunity requires the court to engaged in a two-step analysis. The court must first determine whether the defendant has violated an actual constitutional right. *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir.2002). If the an-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1375632 (N.D.Miss.)
**(Cite as: 2010 WL 1375632 (N.D.Miss.))**

swer is "no," the analysis ends. *Freeman v. Gore,* 483 F.3d 404, 410-11 (5th Cir.2007). If the answer is "yes," then the court must consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. *Id.* at 411. The standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. *Mendenhall v. Riser,* 213 F.3d 226, 230 (5th Cir.2000) (citations omitted).

The Court's analysis is quite short in that Plaintiff has failed to show that Defendants violated his constitutional rights and therefore, Defendants are entitled to qualified immunity. However, in an effort to be overly cautious, the Court addresses the second prong, were the Defendants' actions objectively unreasonable in light of the clearly established law. Defendants Wesley and Griffin executed an arrest warrant issued by an independent source, the Justice Court. There is nothing in the record, nor does Plaintiff assert any facts, that would show Defendants had any information that would make them aware or question whether the arrest warrant was issued without probable cause or that they were executing an invalid arrest warrant. The Court finds Defendants' actions were objectively reasonable in light of clearly established law.

*D. Conclusion*

**\*8** In sum, the Court finds there are no genuine issues of material fact as to Plaintiff's claims and Defendants are entitled to judgment as a matter of law on all claims. Defendants' motion for summary judgment will be granted.

A separate order in accordance with this opinion shall issue this day.

N.D.Miss.,2010.
Daniel v. Grimmett
Not Reported in F.Supp.2d, 2010 WL 1375632

(N.D.Miss.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.